UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HIGHTOWER, IV,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No. 19-13433
Honorable Denise Page Hood

## ORDER GRANTING MOTION FOR ATTORNEY FEES [ECF No. 16]

On September 30, 2021, this matter was remanded to the Administrative Law Judge ("ALJ"):

> pursuant to sentence four of 42 U.S.C. § 405(g), for consideration and discussion of Plaintiff's claim utilizing the correct application of the adult disability standards, including Plaintiff's residual functional capacity according to the adult standards, consistent with the analysis set forth in the Report and Recommendation, taking particular note of the Magistrate Judge's discussion in footnote 2, as well as at pages 7-13, of the Report and Recommendation.

ECF Nos. 14, 15. Plaintiff timely filed a Motion for Award of Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (the "Motion"). ECF No. 16. The Motion has been fully briefed. For the reasons that follow, the Court concludes that Plaintiff's counsel is entitled to an award of attorney fees under the EAJA and grants the Motion.

I.     **LEGAL STANDARD**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The "position of the United States" is defined as, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see also Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994) ("The government's 'position' comprehends both the United States' underlying action and its litigation position." (citations omitted)).

The Commissioner's position is substantially justified if it has a "'reasonable basis both in law and fact.'" *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner's failure to prevail in the litigation "raises no presumption that its position lacked substantial justification." *United States v. Real Prop. Located at 2323 Charms Rd., Milford Twp., Oakland Cty., Mich.*, 946 F.2d 437, 440 (6th Cir. 1991). "The [Commissioner] bears the burden of demonstrating substantial justification." *Sec'y of United States Dep't of Labor v. Jackson Cty. Hosp., Inc.*, 215 F.3d 1327, at

2

\*3 (Table) (6th Cir. 2000) (citation omitted).

## II.    ANALYSIS

### A.    Commissioner's Position Not Substantially Justified

The question here is whether the Commissioner's position was not substantially justified, such that EAJA fees should be awarded.[1]  Having reviewed, considered, and assessed the arguments and authority cited by the parties in their briefs, as well as the Court's Order and the Magistrate Judge's Report and Recommendation, the Court concludes that the Commissioner's position was not substantially justified.

The Court did not remand this matter simply due to an "articulation matter," as the Commissioner suggests. ECF No. 17, PageID.388-90.  The Court remanded this matter because the ALJ failed to properly consider Plaintiff's residual functional capacity according to adult standards.  As the Magistrate Judge stated:

> Because Hightower applied for SSI when he was 17 years old, but became an adult while his application was pending, <u>the ALJ was required to evaluate his SSI claim under both the child and adult disability standards</u>. See 42 U.S.C. §§ 1382c(a)(3)(A), (C); 20 C.F.R. § 416.924(f). <u>Because the Court finds error in the ALJ's application of the adult disability standards</u>, and is recommending remand on those grounds, it will confine its discussion to the five-step sequential analysis applicable to adult disability claims.

---

[1]It is undisputed that Plaintiff's counsel's application for attorney fees was timely filed and that Plaintiff is a "prevailing party" within the meaning of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993) (holding that a party who receives a sentence-four remand in a Social Security case is a prevailing party for the purposes of the EAJA).

ECF No. 13, PageID.342, n.1 (emphasis added). *See also* ECF No. 13, PageID.350-52; ECF No. 14, PageID.357. As the basis for remand was the improper application of the adult disability standards, the Court rejects the Commissioner's contention that the case turned primarily on an "articulation error."

The Court also cannot find in this case that "reasonable minds could differ as to whether the RFC sufficiently accounted for Plaintiff's significant intellectual and social limitations." ECF No. 17, PageID.391. That argument might hold more weight if Plaintiff were being evaluated simply as a minor. In this case, however, Plaintiff had been an adult for more than a year at the time of his hearing before the ALJ, and the ALJ failed to apply the proper adult disability standards. Reasonable minds could only conclude that the ALJ erred in doing so. The remand was not simply for the purpose of obtaining an updated medical opinion and/or to allow the ALJ to better articulate his reasons for finding that Plaintiff had the RFC for certain positions, as the Commissioner generally attempts to frame the issue. Because the remand was for the purpose of ensuring that the ALJ apply the proper adult disability standard, the Court holds that the Commissioner's defense did not have a reasonable basis in fact or law.

Accordingly, for the reasons stated, the Court concludes that Plaintiff is entitled to EAJA attorney fees with respect to this matter.

**B.     Reasonableness of Claimed Attorney Fees**

Plaintiff's counsel seeks $7,632.04 in attorney fees, an amount based on 39.8 hours of attorney work at the rate of $191.76/hour. The Commissioner does not object to the hourly rate claimed, and the Court finds the hourly rate to be reasonable. The Commissioner objects to the reasonableness of the 39.8 hours Plaintiff's counsel has submitted for EAJA compensation.

Plaintiff's counsel bears the burden of showing that the hours claimed under the EAJA are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). The Court finds that Plaintiff's counsel has met his burden. First, the Commissioner acknowledges that 20 to 30 hours is typical for a social security appeal in this district. ECF No. 17, PageID.399. Approximately 40 hours is not in itself unreasonable if the case is atypical, which the Court finds this one to be. As discussed above, the Commissioner mistakenly attempts to couch the basis for remand as "the ALJ improperly determin[ing] the RFC without a supportive medical opinion," when the issue is really that the ALJ failed to apply the adult disability standard.

Second, Plaintiff's counsel did not represent Plaintiff throughout the ALJ process; instead, he began representing Plaintiff for his appeal to the Appeals Council. It is clear that Plaintiff's counsel clearly scoured the record, as demonstrated by the fact that he ascertained that the ALJ had been warned by a Social Security employee that it was "necessary to consider his claim under the adult disability standards" (*i.e.*,

5

the basis for the remand). Third, but for that effort by Plaintiff's counsel, it is possible – and highly likely – that this matter never would have been remanded, which demonstrates that his representation was essential to the resolution of this matter.

Fourth, the Court is not persuaded that the number of pages of the administrative transcript or the number of pages of a brief is an appropriate basis for determining whether the number of hours claimed is reasonable (though it may be relevant). In this case, neither the length of the transcript nor the Plaintiff's briefs reflect the legal analysis or effort required to obtain the Court's ruling. There is not, and should not be, a simple formula of pages of review per hour or pages of a brief per hour that dictates the reasonableness of hours claimed. For the reasons stated throughout this Order, the value of Plaintiff's counsel's services was in his review of the record, research, and brief writing to obtain the result, not the number of pages of transcript reviewed or pages of briefing authored.

Fifth, the Court finds that the hours billed by Plaintiff's counsel for the various tasks and duties performed were reasonable, including the time spent preparing Plaintiff's Motion for Summary Judgment and the reply to Defendant's Motion for Summary Judgment.

Accordingly, based on a review of the briefs and Declaration of Attorney set forth in the Motion and for the reasons stated above, the Court finds that Plaintiff's

counsel has established the reasonableness of the request for $7,632.04 in attorney fees for 39.8 hours of attorney time at the rate of $191.76 per hour. Finally, the Court notes and declines Plaintiff's counsel's request for additional compensation to review the Commissioner's response to the Motion and the drafting of his reply to that response.

### III.   CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Motion for Award of Attorney Fees Under the Equal Access to Justice Act [ECF No. 16] is **GRANTED**.

IT IS FURTHER ORDERED that the Commissioner shall compensate Plaintiff's counsel directly in the amount of $7,632.04.

SO ORDERED.

                                                 s/Denise Page Hood
                                                 United States District Judge

DATED: February 28, 2022